**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

WENDELL JAMES,

          Plaintiff,

      vs.

CITY OF MISSOULA,

          Defendant.

CAUSE NO. CV 06-171-M-JCL

ORDER, and
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE

_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

The Plaintiff has filed a Complaint together with an Application to Proceed In Forma Pauperis.  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears the Plaintiff lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his Application to Proceed In Forma Pauperis is **GRANTED.** This action may proceed without prepayment of the filing fee.

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a

preliminary screening of the allegations set forth in the

Complaint.  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review the

Plaintiff's Complaint to consider whether it can survive

dismissal under these provisions.  *See Huftile v. Miccio-Fonseca*,

410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

The Plaintiff filed his Complaint on October 31, 2006,

alleging claims apparently stemming from his recent arrest by law

enforcement officers of the Defendant City of Missoula.  He

states two city police officers arrested him on two warrants, but

they did not present the warrants to the Plaintiff.  Upon his

appearance in court he again states he was not shown the warrants

or any tickets.  The Plaintiff complains that there is no

evidence against him yet the state court still set his case for a

pre-trial proceeding on November 14, 2006.  For his relief he

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 2

requests that the Court award him $50,000, and that the Court secure the return of his vehicle from Red's Towing.

## III.  DISCUSSION

The Court will construe the Plaintiff's Complaint as filed pursuant to 42 U.S.C. § 1983.

> To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.

*Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  Such construction is appropriate since the Plaintiff names the City of Missoula as a Defendant, and in his allegations he refers to two city police officers who effected his arrest.  Allegations against either a municipality or individual actors describing conduct committed under color of state law can fall under § 1983. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978).

Based on all of the Plaintiff's allegations, and in light of his pending proceedings in either justice court or state court, the Court finds this case is subject to dismissal based on federal principles of abstention.  There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff.  *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "As a matter of comity, federal courts should maintain respect for state functions and should not unduly interfere with the state's

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 3

good faith efforts to enforce its own laws in its own courts." *Dubinka v. Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)).  *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings.  *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) (citing *Younger*, at 40-41).  When applicable, *Younger* abstention requires dismissal of the federal action, not a stay.  *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

The federal courts may raise the issue of *Younger* abstention *sua sponte*.  *Martinez*, at 781 n.3 (citing *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)).  *See also The San Remo Hotel*, 145 F.3d at 1103 n.5.

The Ninth Circuit has stated that Younger abstention is appropriate if "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Stated another way,

> *[i]f* a state-initiated proceeding is ongoing, and *if* it
> implicates important state interests [...], and *if* the

federal litigant is not barred from litigating federal
constitutional issues in that proceeding, *then* a federal
court action that would enjoin the proceeding, or have the
practical effect of doing so, would interfere in a way that
*Younger* disapproves.

*Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

As stated above, the Plaintiff advises he is currently
scheduled for a pre-trial proceeding on November 14, 2006,
relative to the criminal charges pending against him as described
in his Complaint filed in this action.  The subject of this
lawsuit stems from on-going proceedings against the Plaintiff for
the enforcement of state criminal laws and, therefore, this
lawsuit clearly implicates important state interests.  In his
state or justice court proceedings Plaintiff will have procedural
rights to be heard and the opportunity to raise any state or
federal constitutional issues in defense of his case, including
any constitutional issues alleged in this case.

Finally, the Court finds that any relief it could grant as
the Plaintiff requests would, in effect, declare that the
Defendant violated his federal constitutional rights, and thus
would have the practical effect of enjoining the state court
proceedings.  If this Court were to proceed with this action it
would interfere with the state court proceedings in a way that
*Younger* disapproves.

Based on the foregoing, the Court hereby enters the
following:

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 5

**RECOMMENDATION**

Plaintiff's Complaint should be **DISMISSED** without prejudice pursuant to the *Younger* abstention doctrine.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this __6th__ day of November, 2006.

                              /s/ Jeremiah C. Lynch
                              Jeremiah C. Lynch
                              United States Magistrate Judge

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 6