Case 9:06-cv-00171-DWM   Document 4   Filed 12/12/06   Page 1 of 3

FILED
MISSOULA, MT

2006 DEC 12  AM 11 32

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| WENDELL JAMES, ) | CV 06-171-M-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CITY OF MISSOULA, ) | |
| ) | |
| Defendant. ) | |

Plaintiff James has filed a Complaint that this Court has construed to state a claim under 42 U.S.C. § 1983 alleging violations of his constitutional rights stemming from his arrest on two warrants by City of Missoula law enforcement officers. James alleges that he has been presented with no warrants or tickets and that the state court is violating his constitutional rights by proceeding with criminal charges against him.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. §

-1-

1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations on November 6, 2006, in which he recommends dismissal of the Complaint to avoid violating the abstention doctrine of Younger v. Harris, 401 U.S. 37, 45 (1971). Plaintiff James did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch noted that the Plaintiff is subject to ongoing state court proceedings for alleged violations of state law and that the Plaintiff has an opportunity to raise federal constitutional issues in his defense. Under these conditions, Judge Lynch concluded that abstention is appropriate under Younger and recommended dismissal of the case without prejudice.

I can find no clear error with Judge Lynch's Findings and Recommendations (Doc. No. 3) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE pursuant to the Younger abstention

doctrine.

DATED this 12 day of December, 2006.

		_____
		Donald W. Molloy, Chief Judge
		United States District Court